Timothy D. Speedy, Esq. (Bar ID #002611989)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ASAF P. GUTTMAN, | : | |
| | : | Civil Action No.: |
| Plaintiff, | : | |
| | : | **NOTICE AND PETITION FOR** |
| v. | : | **REMOVAL OF CASE FROM THE** |
| | : | **SUPERIOR COURT OF NEW JERSEY,** |
| USIS AUDIO VISUAL, INC., | : | **LAW DIVISION, ESSEX COUNTY** |
| | : | |
| Defendant. | : | |

TO:   Clerk                                    Asaf P. Guttman, Plaintiff Pro Se
       United States District Court for the     185 Broughton Avenue
       District of New Jersey                  Bloomfield, New Jersey 07003
       50 Walnut Street
       Newark, NJ 07102

Defendant USIS Audio Visual, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, respectfully submits this Notice and Petition for Removal of a Case from the Superior Court of New Jersey, Law Division, Essex County, bearing Docket No. ESX-L-5688-20, and as grounds for removal allege as follows:

1.      On August 25, 2020, Asaf P. Guttman ("Plaintiff") filed a civil action captioned Asaf P. Guttman v. USIS Audio Visual, Inc., Docket No. ESX-L-5688-20, in the Superior Court of New Jersey, Law Division, Essex County.  A true and correct copy of the Complaint in that action is attached hereto as Exhibit A.[1]

---

[1] Plaintiff Pro Se also filed a "Form A complaint" that incorrectly named USIS, Inc. as the Defendant.  This error was corrected in the formal complaint attached to the "Form A complaint."  See Exhibit A.

2.      Defendant was served with a copy of the summons and complaint on September 22, 2020.  The summons and complaint were the initial pleadings setting forth the claims upon which Plaintiff's action is based.

3.      This notice and petition is timely filed within the provisions of 28 U.S.C. § 1446. Defendant has affected removal within thirty (30) days of the service of the Complaint from which it could first be ascertained that this action is removable.  See 28 U.S.C. § 1446.

4.      No proceedings have taken place in the state court action.  Defendant has not served an answer or responsive pleading to Plaintiff's Complaint nor made any appearance or argument before the Superior Court of New Jersey.

5.      In the Complaint, Plaintiff alleges, *inter alia*, that Defendant violated his rights under:

> The Americans with Disabilities Act of 1990 ("ADA"), United States (Pub.L. 101-336, 104 Stat. 327, enacted 1990-07-26), codified at 42 U.S.C. § 12101 et seq. (disability discrimination); and The Americans with Disabilities Act of 1990 ("ADA"), United States (Pub.L. 101-336, 104 Stat. 327, enacted 1990-07-26), codified at 42 U.S.C. § 12101 et seq. (retaliation).

(See Exhibit A, Complaint, at paragraph 1 and Counts I and II).

6.      Accordingly, this action is being removed to this Court on the ground that original jurisdiction over Plaintiff's claims exists pursuant to 28 U.S.C. § 1331 by virtue of its federal question jurisdiction arising out of Plaintiff's claims under the ADA, 42 U.S.C. § 12101 *et seq.*

7.      The complaint further alleges that Plaintiff is a resident of New Jersey.  Upon information and belief, at the time of the filing of the complaint, and continuing to the date of this notice and petition, Plaintiff has been and is a resident of New Jersey.

8.      At the time of the filing of the complaint and continuing to the date of this notice and petition, Defendant USIS Audio Visual, Inc. was and is incorporated in New York and had/has

its principal place of business in Pearl River, New Jersey.

9.      The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as Plaintiff seeks lost wages (including a "diminished ability to earn a living"), emotional distress damages (e.g., "mental anguish … shame and embarrassment" and "a diminished capacity to enjoy plaintiff's life") and "career" damages.  Plaintiff's base compensation at the time of his cessation of employment with Defendant was $38.00/hour, annualized at approximately $79,000, thus supporting the above statement as to the amount in controversy since Plaintiff's employment ended more than a year ago in June 2019.

10.     This action is also being removed to this Court on the ground that original jurisdiction over Plaintiff's claims exists pursuant to 28 U.S.C. § 1332 by virtue of its diversity of citizenship jurisdiction.

11.     Pursuant to 28 U.S.C. §1441(b), this action may be removed to this Court because it is founded on diversity of citizenship.

12.     This Court has supplemental jurisdiction over Plaintiff's additional causes of action under 28 U.S.C. §§ 1367 & 1441(c).

13.     Defendant submits this notice and petition without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pleaded claims upon which relief may be granted.

14.     Venue is proper in this Court based solely on the fact that Plaintiff filed his state cause of action in Essex County, New Jersey.  However, venue is most proper in the U.S. District Court for the Southern District of New York. Indeed, Plaintiff's Complaint, at paragraph 3, expressly alleges:

> Venue is appropriate in that the illegal and improper acts which are
> the basis for the within asserted causes of action occurred in the

3

Southern District of New York, and the defendants in this matter are the entities or organizations in the State of New York and employee residents who are New York residents acting in their individual and official capacities under color of New York law.

15.   Defendant intends to file a motion to transfer venue to the U.S. District Court for the Southern District of New York, White Plains.

16.   Pursuant to 28 U.S.C. §1446(d), Defendant has given written notice of the removal of this action to all adverse parties and has filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Essex County.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Essex County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922
(908) 795-5200

By:   *s/ Timothy D. Speedy*
Timothy D. Speedy
ATTORNEYS FOR DEFENDANT

Dated:  October 19, 2020

4848-8663-0347, v. 1

4

# EXHIBIT A

# Form A

**Plaintiff or Filing Attorney Information:**

Name   Asaf Guttman

NJ Attorney ID Number

Address   185 Broughton Ave

Bloomfield NJ 07003

Telephone Number   973-568-6783

SUPERIOR COURT OF NJ
CIVIL DIVISION
ESSEX VICINAGE

2020 AUG 24  P II: 41

FINANCE DIVISION
RECEIVED/FILED
38

|  |  |
|---|---|
| Asaf Guttman                                      , <br> Plaintiff, <br> v. <br> USIS Inc.                                           <br>                                        , <br> Defendant(s). | Superior Court of New Jersey <br> N.J ____ Division  Essex ____ County <br> Civil _____ Part <br> Docket No: _____ <br> (to be filled in by the court) <br><br> Civil Action <br><br> **Complaint** |

Plaintiff, Asaf Guttman                                      , residing at

(your name)

185 Broughton Ave                                      , City of  Bloomfield

(your address)                                                             (your city or town)

County of  Essex                                      .

(your county)

State Of New Jersey, complaining of defendant, states as follows:

1.  On June 19                  , 20 19   ,  USIS Inc.                                      , Defendant

(name of person being sued)

(Summarize what happened that resulted in your claim against the defendant.  Use additional pages if necessary.)

See attached

The defendant in this action resides at 35 Jefferson Ave, Pearl River, NY 10965                                      ,

(defendant's address)

In the County of  Rockland County                                      , State of New . York .

(name of county where defendant lives)

2.  Plaintiff is entitled to relief from defendant under the above facts.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX VICINAGE

AUG - 7 2020

FINANCE DIVISION
RECEIVED/FILED

# Form A

3. The harm that occurred as a result of defendant's acts include: (list each item of damage and injury)

1. Loss of Wages

2. Wrongful Discharge

3. Career Damages

Wherefore, plaintiff requests judgment against defendant for damages, together with attorney's fees, if applicable, costs of suit, and any other relief as the court may deem proper.

Dated: 08/03/2020                    Signature: _____

## CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated:   08/03/2020                    Signature: _____

**OPTIONAL: If you would like to have a judge decide your case, do not include the following paragraph in your complaint. If you would prefer to have a jury to decide your case, please sign your name after the following paragraph.**

## JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court *Rules* 1:8-2(b) and 4:35-1(a).

Dated:   08/03/2020                    Signature: _____

Revised 11/17/2014, CN 10553
Revised 11/01/2013, CN 11210

page 7 of 7

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| For Use by Clerk's Office Only |
| --- |
| Payment type: ☐ ck ☐ cg ☐ ca |
| Chg/Ck Number: |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
| --- | --- | --- |
| Asaf Guttman | (973) 568-6783 | Essex |

| Firm Name (if applicable) | Docket Number (when available) |
| --- | --- |
| | |

| Office Address | Document Type |
| --- | --- |
| 185 Broughton Ave Bloomfield N.J 07003 | |
| | Jury Demand ■ Yes ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
| --- | --- |
| Asaf Guttman, Plaintiff | |

| Case Type Number (See reverse side for listing) 607 / 699 | Are sexual abuse claims alleged? ☐ Yes ■ No | Is this a professional malpractice case? ■ Yes ☐ No. If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |
| --- | --- | --- |

| Related Cases Pending? ■ Yes ☐ No | If "Yes," list docket numbers EEOC 520-2019-05499 |
| --- | --- |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? ☐ Yes ■ No | Name of defendant's primary insurance company (if known) ☐ None ■ Unknown |
| --- | --- |

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship? ■ Yes ☐ No | If "Yes," is that relationship: ■ Employer/Employee ☐ Friend/Neighbor ☐ Other (explain) ☐ Familial ☐ Business |
| --- | --- |

| Does the statute governing this case provide for payment of fees by the losing party? ■ Yes ☐ No |
| --- |

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

Disability discrimination and retaliation

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX VICINAGE
AUG - 7 2020
FINANCE DIVISION
RECEIVED/FILED

| ♿ | Do you or your client need any disability accommodations? ☐ Yes ■ No | If yes, please identify the requested accommodation: |
| --- | --- | --- |
| | Will an interpreter be needed? ☐ Yes ■ No | If yes, for what language? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature: *[signature]*

Asaf P. Guttman
185 Broughton Avenue
Bloomfield, N.J 07003

## SUPERIOR COURT OF NEW JERSEY
## NEW JERSEY DIVISION ESSEX COUNT CIVIL PART

| | |
|---|---|
| **ASAF P. GUTTMAN,**<br><br>**PLAINTIFF,**<br><br>**VS.**<br><br>**USIS AUDIO VISUAL INC.,**<br>**DEFENDANT.** | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Asaf Guttman ("Guttman" or "plaintiff"), who resides at 185 Broughton Avenue, Bloomfield, New Jersey 07003, by way of this Complaint against the defendant, USIC Audio Visual, Inc., located at 35 West Jefferson Avenue, Pearl River, New York, NY 10965, (hereinafter collectively "defendants") hereby says:

## I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for: (1) The Americans with Disabilities Act of 1990 ("ADA"), United States (Pub.L. 101-336, 104 Stat. 327, enacted 1990-07-26), codified at 42 U.S.C. § 12101 et seq. (disability discrimination); (2) The Americans with Disabilities Act of 1990 ("ADA"), United States (Pub.L. 101-336, 104 Stat. 327, enacted 1990-07-26), codified at 42 U.S.C. § 12101 et seq. (retaliation); (3) a violation of the New York State Human Rights Law and Civil Rights Law (disability discrimination/harassment); (3) a violation of the New York State Human Rights Law and Civil Rights Law (retaliation); (5) Failure to accommodate; (6) Retaliation/Reprisal.

2. Jurisdiction is asserted under 28 U.S.C. § 1331 in so far as plaintiff's Complaint asserts claims under 42 U.S.C. § 2000e-2(a). Pendent jurisdiction is asserted over plaintiff's state law claims under 28 U.S.C. § 1367.

3. Venue is appropriate in that the illegal and improper acts which are the basis for the within asserted causes of action occurred in the Southern District of New York, and the defendants in this matter are the entities or organizations in the State of New York and employee residents who are New York residents acting in their individual and official capacities under color of New York law.

## II. Parties

4. Guttman was an AV specialist for USIC Audio Visual, Inc. ("USIC"), located at 35 West Jefferson Avenue, Pearl River, New York, NY 10965.

5. Plaintiff was an employee of the defendant corporation and performed job related duties in the State of New York.

6. During the relevant time period, USIS Inc and their employees who were either senior management level employees who controlled Plaintiffs' workplace, and supervised plaintiffs and aided and/or abetted in the commission of conduct complained of herein and/or who either acted within the scope of their employment at the workplace during working hours, or, to the extent they went beyond the scope of their employment, defendants ratified, embraced and added to his conduct. As the parties engage in discovery, plaintiff retains the right to amend the Complaint to add these individual employees by name.

7. During the relevant time period, USIS Inc and unknown affiliated corporations or entities or other corporations who have liability for the claims set forth herein. As the parties engage in discovery, plaintiff retains the right to amend the Complaint to add these individual entities by name.

8. Thus, all defendants are subject to suit under the statutes alleged above.

9. At all times referred to in this Complaint, employees of the corporate defendants, who are referred to herein, were acting within the scope of their employment at the workplace during working hours, or, to the extent that they were not so acting, the corporate defendants ratified, embraced and added to their conduct.

## III. Factual Allegations

2

10. USIS is a New York corporation that outsources cable and installs, designs, and programs audio visual systems.

11. On February 14, 2019, Guttman entered into a contractual agreement to start working for USIS as an Audio Visual ("AV") Specialist.

12. In March 2019, Guttman began treating with Joshua Rovner, MD ("Dr. Rovner"), due to a severe and debilitating pain he was having in his right leg.

13. Guttman also suffered from acid reflux, which caused severe pain in his abdominal area.

14. On April 17, 2019, Guttman had a Nissen Fundoplication surgery on his stomach, that was performed by Dustin Cummings, M.D. ("Dr. Cummings").

15. On April 25, 2019 Guttman was cleared to start work with USIS.

16. In accordance with the contractual requirements in the February 14, 2019 offer letter, Guttman started his online general OSHA certification.

17. On May 1, 2019, Guttman started working for USIS, after it completed a thorough and comprehensive background search, at an hourly rate of $38.00 plus benefits.

18. Guttman regularly worked overtime throughout his employment.

19. On May 12, 2019, Guttman sent an email to Mary Davidson ("Davidson"), Human Resources Manager, Joseph Claudio ("Claudio"), AV Manager, and Eugene Korzh ("Korzh"), Installation Manager, including his April 29, 2019 doctor's note from Dr. Cummings.

20. Dr. Cummings made specific mention to the abdominal surgery that Guttman had just had and the need for medically required accommodations over a six (6) week period.

21. Dr. Cummings noted that the accommodations were relatively modest and did not interfere or impede with Guttman's ability to perform the essential functions of his job.

22. Defendants never responded to this letter.

23. Subsequent to the inception of his employment, Defendants required Guttman to engage in numerous actions that violated the medically necessary restrictions contained in Dr. Cummings letter.

24. Defendants' failure to accommodate Guttman, violated legal obligations as set forth in the statutes pled herein.

25. Due to Defendants' refusal to provide reasonable accommodation and Defendants' failure to engage in any interactive dialogue to discuss what reasonable accommodations could be provided to Guttman, Guttman's medical condition worsened.

26. On June 4, 2019, Guttman requested to go see his doctor for an urgent appointment.

27. Defendants denied him this request.

28. Defendants took retaliatory actions with regard to denying reimbursing Guttman expenses due to their animus that he suffered from a disability and required accommodation.

29. Despite this, Guttman kept Defendants apprised about his disability and need for accommodation.

30. Defendants failed to provide the required accommodation. Instead, on June 12, 2019 Guttman received an email from Korzh, asking if Guttman has Personal Protective Equipment.

31. This request was made after Guttman had been going on the site for 5 weeks.

32. The Occupational Safety and Health Administration (OSHA) requires that employers protect you from workplace hazards that can cause injury or illness. This requirement was not rendered in time and created a risk to Guttman's health.

33. Guttman informed Defendants that he had an appointment with Dr. Rovner, as he was experiencing significant and debilitating pain to his right leg.

34. Defendants appeared displeased with Guttman.

35. Guttman advised he would meet with Dr. Rovner on June 19, 2019 and obtain a medical note surrounding his medical condition and the need for any accommodations.

36. Guttman advised that due to Dr. Rovner's schedule, he would have to leave work early.

37. Neither Claudio or Korzh stated any issue with Guttman leaving early.

38. On Jun 19, 2019, Guttman left work early to attend his appointment with Dr. Rovner.

39. Claudio, Korzh, and Davidson were all present and said nothing.

40. Rather, Defendants summarily terminated Guttman, that same day, and used as an excuse that Guttman left work early.

41. Defendants' decision to terminate Guttman was pretextual. The real reason for Defendants' decision was due to their animus against Guttman because he suffered from a disability, because he requested accommodation, and because he complained about Defendants' failure to accommodate him.

4

42.     At the time of his termination, on June 19, 2019, plaintiff received a salary of approximately $38.00/hour and overtime and benefits to include vacation days per year, paid holidays, 5 personal/sick days per year, medical coverage, dental coverage, vision coverage, life insurance, short term disability benefits, etc.

43.     These benefits of employment make up Guttman's claim for damages.

## COUNT I

**(The Americans with Disabilities Act of 1990 ("ADA")
United States (Pub.L. 101-336, 104 Stat. 327, enacted 1990-07-26)
codified at 42U.S.C. § 12101 et seq.)
(DISABILITY DISCRIMINATION)**

44.     Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

45.     The foregoing facts and circumstances demonstrate that defendant has violated the ADA, by failing to accommodate plaintiff and/or retaliating against plaintiff for engaging in protected activity.

46.     As a direct and proximate result of the actions of defendant, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury. Furthermore, plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy plaintiff's life. Moreover, plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

47.     Furthermore, plaintiff has been required to retain an attorney to assist Plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

## COUNT II

**(The Americans with Disabilities Act of 1990 ("ADA")
United States (Pub.L. 101-336, 104 Stat. 327, enacted 1990-07-26)
codified at 42U.S.C. § 12101 et seq.)
(RETALIATION)**

48.     Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

5

49. The foregoing facts and circumstances demonstrate that defendant has violated the ADA, by engaging in acts of reprisal and/or retaliation because plaintiff asserted his rights under the ADA and/or complained of disability discrimination/harassment or being subjected to a failure to accommodate.

50. As a direct and proximate result of the actions of defendant, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury. Furthermore, plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy plaintiff's life. Moreover, plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

51. Furthermore, plaintiff has been required to retain an attorney to assist Plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

## Count III
### (New York State Human Rights Law and Civil Rights Law (Disability Discrimination/Harassment)

52. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

53. The foregoing facts and circumstances demonstrate that defendants have violated the New York State Human Rights Law and Civil Rights Law by discriminating and harassing Plaintiff due to his medical condition/disability/handicap and retaliating against Plaintiff for complaining about such discrimination and harassment.

54. As a direct and proximate result of the actions of defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury. Furthermore, plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy plaintiff's life. Moreover, plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

55. Further, plaintiff has been required to retain an attorney to assist plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

## Count IV

6

## (New York State City Human Rights Law and Civil Rights Law
### (Retaliation)

56. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

57. The foregoing facts and circumstances demonstrate that defendants have violated the New York State Human Rights Law and Civil Rights Law by retaliating against plaintiff for requesting accommodation due to his medical condition, for suffering from a medical condition, and/or for complaining of discriminatory and/or harassing treatment.

58. As a direct and proximate result of the actions of defendants the Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury. Furthermore, plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy plaintiff's life. Moreover, plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

59. Further, plaintiff has been required to retain an attorney to assist plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

### Count V
### (Failure to Accommodate)

60. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

61. Defendants had an obligation to accommodate Plaintiff due to his medical condition.

62. Defendants violated this obligation.

63. The actions of defendants give rise to the claim of failure to accommodate.

64. As a direct and proximate result of the actions of defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury. Furthermore, plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy plaintiff's life. Moreover, plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

65. Further, plaintiff has been required to retain an attorney to assist plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

### Count VI

7

**(Retaliation/Reprisal)**

66. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

67. The actions of defendants give rise to the claim of retaliation/reprisal.

68. As a direct and proximate result of the actions of defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury. Furthermore, plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy plaintiff's life. Moreover, plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

69. Further, plaintiff has been required to retain an attorney to assist plaintiff in asserting plaintiff's claims and protecting plaintiff's rights.

**WHEREFORE**, as to each and every count, Plaintiff demands judgment on each and all of these Counts against defendants, jointly and severally, as follows:

A. Compensatory damages;

B. Damages for lost wages and benefits, back pay, front pay (or reinstatement);

C. Damages for humiliation, mental and emotional distress;

D. Statutory damages, if applicable;

E. Punitive damages and or liquidated damages where permitted by law;

F. Attorneys' fees and costs of suit;

G. Lawful interest - including pre-judgment interest on lost wages;

H. Lawful interest - including pre-judgment interest on any wages not paid in a timely manner; and

I. Such other, further and different relief as the Court deems fitting, just and proper.

Plaintiff hereby reserves the right to amend this Complaint to supplement or modify the factual obligations and claims contained herein, based upon information received from the defendants, witnesses, experts, and others in the course of discovery in this matter.

8

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully demands a trial by jury on all issues in the within action so triable.

## DESIGNATION OF TRIAL COUNSEL

ASAF GUTTMAN is hereby designated as *pro se* trial counsel on behalf of himself.

## CERTIFICATION OF NO OTHER ACTIONS OR PARTIES

I hereby certify that there are no other parties known to me at this time who should be joined as parties to this action.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification: (A) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

DATED:      August 3, 2020

Asaf P. Guttman

9

# Asaf Guttman

185 Broughton Ave  Suite 2   Bloomfield N.J 07003      (973) 944-1760



## CERTIFICATION of Diligent Inquiry

I, Asaf P. Guttman Pro and plaintiff hereby certify the following:

   1.   The defendant's business resides at:

   USIS Inc.
   35 Jefferson Ave
   Pearl River, N.Y 10965

   2. The address set forth above was verified in the following manner:

   Correspondence with the defendant and information obtained via www.usis.net
   This is the only address for the defendant

This Certification is made to support an order to allow service of the summons and complaint under the provisions of the Rules 4:4-4 (e) and 6:2-3(b).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Aug 03, 2020

Asaf P. Guttman, Pro Se

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX VICINAGE

AUG - 7 2020

FINANCE DIVISION
RECEIVED/FILED



# New Jersey Courts

Independence • Integrity • Fairness • Quality Service

Essex Vicinage

| Amy K. DePaul | Honorable Sallyanne Floria | Debra Dadie |
|---|---|---|
| Trial Court Administrator | Assignment Judge | Division Manager |

470 Dr. Martin Luther King Blvd.                                njcourts.gov • Tel: 973-776-9300

PLAINTIFF (S) NAME (S)                              SUPERIOR COURT OF NEW JERSEY

Asaf Guttman                                        LAW DIVISION SPECIAL CIVIL

185 Broughton Ave                                   ESSEX VICINAGE

Bloomfield N.J 07003                                DOCKET # _____

VS.

DEFENDANT (S) NAME (S)

USIS Inc.                                           **CERTIFICATION OF DILIGENT INQUIRY**

35 Jefferson Ave.

Pearl River, N.Y 10965

I am the plaintiff in the above captioned case.

**1. The defendant's business resides at:**

USIS Inc. 35 Jefferson Ave. Pearl River, N.Y 10965

**2. The address set forth above was verified in the following manner:**

Correspondence with the defendant and information obtained via www.usis.net This is the only address for the defendant

This Certification is made to support an order to allow service of the summons and complaint under the provisions of the Rules 4:4-4 (e) and 6:2-3(b).

I certify that the foregoing statements are true. I am aware that if any of the forgoing statements are willfully

false, I am subject to punishment.

2020 AUG 24 P 11: 40
FINANCE DIVISION
RECEIVED/FILED
38
SUPERIOR COURT OF NJ
CIVIL DIVISION
ESSEX VICINAGE

_____          _____          ___8/3/20___
Sign Name                        Print Name  ASAF P. GUTTMAN        Date

      

Interpreter — ADA Americans with Disabilities Act — ENSURING AN OPEN DOOR TO JUSTICE

Asaf Guttman
**Plaintiff**

v.

USIS Inc.
**Defendant**

**SUPERIOR COURT OF NEW JERSEY**
**CHANCERY DIVISION - FAMILY PART**
**COUNTY OF** ESSEX

**DOCKET NO.: FD -** _____

## Certification of
## Diligent Search

I, Asaf Guttman _____ of full age, hereby certify that:

1. I am the ☒ plaintiff / ☐ defendant in the above-entitled action.

2. I do not know the present whereabouts of the ☐ plaintiff / ☒ defendant, and have not seen or heard from him/her since on or about 06/19/2019

3. Despite diligent efforts, I do not know the ☐ plaintiff's / ☒ defendant's mailing address, and the last known address of record of the ☐ plaintiff / ☒ defendant is:

   USIS Inc. 35 Jefferson Ave. Pearl River, N.Y 10965

4. I attempted to locate the ☐ plaintiff's / ☒ defendant's last known mailing address by contacting, on the following dates, the following individual(s) whom I believed possessed information about the ☐ plaintiff's / ☒ defendant's whereabouts.

   Result of search:
   Joseph Claudio
   USIS Inc.
   35 Jefferson Ave.
   Pearl River, N.Y 10965

5. I performed a search to locate the ☐ plaintiff / ☒ defendant through the United States Post Office for the current address or any previous address.

   Result of search:
   USIS Inc.
   35 Jefferson Ave.
   Pearl River, N.Y 10965

Published 09/2011, CN 11490 (Certification of Diligent Search)                                      page 12 of 13

6. I inquired of the state motor vehicle agency at: NA                                              .

   Result of search:
   NA

7. The Department of Defense website was checked or letters were sent to the Armed Forces of the United States and their response as to whether or not there is any information regarding the ☐ plaintiff / ☒ defendant.

   Result of search:
   NA

8. My other attempts to locate the other party resulted in the following:

   Correspondence with the defendant and information obtained via www.usis.net
   This is the only address for the defendant

9. I have kept copies of the letters I sent and responses I received from the above individuals/agencies so that they can be submitted to the court as evidence of my attempts to find the ☐ plaintiff / ☒ defendant.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

09/03/2020
Date

☒ Plaintiff / ☐ Defendant   (Print Name)

Signature

SUPERIOR COURT OF NJ
CIVIL DIVISION
ESSEX VICINAGE
2020 AUG 24 P 11: 40
CHANCE DIVISION
RECEIVED/FILED
38

NOTICE: This is a public document. Do not enter personal identifying information on it, such as your full Social Security number, driver's license number, insurance policy number, vehicle plate number or active financial account or credit card number. This document as submitted will be available to the public upon request.

Name   Asaf Guttman

Address   185 Broughton Ave, Bloomfield NJ 07003

Telephone Number   973 568 6783

Email Address   asafguttman@gmail.com

_____ Court of New Jersey

Essex _____ County (if applicable)

Docket Number: _____

Asaf Guttman _____,

_____

Plaintiff(s)/Appellant(s),

v.

USIS _____

**Order Waiving Filing Fees**

_____,

Defendant(s)/Respondent(s).

This matter having been brought before the court on application of _Asaf Guttman_____,
(■ plaintiff(s)/ ☐ appellant(s)/ ☐ defendant(s)/ ☐ respondent(s)) for an **Order** waiving filing fees
pursuant to *Rule* 1:13-2 or *Rule* 2:7-1, and the Court having considered the moving party's financial
information, the matter and for good cause appearing:

**(Do not write below this line, For Court Use Only)**

It is on this **25**th day of **August**, 20**20**, **ORDERED** that the application for a fee waiver is

☒ **Granted** ☐ **Denied**

FILED

AUG 25 2020

Superior Court of New Jersey
Civil Division - Essex Vicinage

*Thomas M. Moore*

_____

**THOMAS M. MOORE, J.S.C.
JUDGE SUPERIOR COURT OF
NEW JERSEY**

**NOTICE**: This is a public document. Do not enter personal identifying information on it, such as your full Social Security number, driver's license number, insurance policy number, vehicle plate number or active financial account or credit card number. This document as submitted will be available to the public upon request.

Name **Asaf Guttman**

Address **185 Broughton Ave, Bloomfield NJ 07003**

Telephone Number **973 568 6783**

Email Address **asafguttman@gmail.com**

**Asaf Guttman** ,

Plaintiff(s)/Appellant(s),

v.

**USIS** ,

Defendant(s)/Respondent(s).

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX VICINAGE

AUG - 7 2020

Court of New Jersey
**Essex**       County (if applicable)

Docket Number: _____

## Certification/Petition/Application in Support of a Fee Waiver

I/We, **Asaf Guttman** _____, am/are the

(■ plaintiff(s)/ ☐ appellant(s)/ ☐ defendant(s)/ ☐ respondent(s)) in the above-captioned matter and I/we make this certification in support of my/our request for a filing fee waiver pursuant to *Rule* 1:13-2 or *Rule* 2:7-1.

1. I/We am requesting this relief because I/we do not have sufficient funds or assets with which to pay the filing fees associated with this action.

2. I/We, ☐ am/ ■ am not/ ☐ are/ ☐ are not   an inmate in State prison or County Jail.*

> **\*Attachments necessary: If you are a state prison or county jail inmate, you must attach a certified copy of your prisoner's fund account statement from the appropriate correctional institution for the six months immediately preceding the date of this application. If you are requesting a waiver of the partial filing fee requirement set forth in *N.J.S.A.* 30:4-16.3, you must attach an affidavit of special circumstances.**

3. I have been determined to be eligible for one or more of the following: (Check applicable boxes)

   ■ Public Assistance (please provide your most recent award statement as proof of eligibility);
   ☐ Social Security Disability (please provide your most recent award statement as proof of eligibility)

4. Below is an accurate and full disclosure of my financial situation. I financially support _____ dependents (not including myself). (A dependent is an individual who is a child or relative who resides in the home and relies you for more than half of his/her support for any given calendar year)

   **Attachments necessary:**
   **Provide two months of documentation for the following:**
   - Welfare, Public Assistance, Unemployment, Disability, Social Security, Child Support/Alimony, other income.

   **Provide six months of bank statements for the following:**
   - All bank accounts.

5. I/we ☐ am/ ■ am not/ ☐ are/ ☐ are not claimed as a dependent on someone else's tax return

Employer's Name, Address and Telephone Number:
USIS Inc
35 Jefferson Ave
Pearl River, NY 10965

## Complete the Following Information:

| | | | |
|---|---|---|---|
| Net Monthly Income | $ | House(s)/Land Market Value | $ |
| Spousal/Cohabitant Contribution | $ | Value of All Motor Vehicles | $ 500.00 |
| Unemployment/Disability | $ 1,459.00 | Cash | $ |
| Social Security | $ | Current Balance Checking Accts. | $ 1.00 |
| Veterans Administration | $ | Current Balance Savings Accts. | $ 50.00 |
| Pension | $ | Civil Judgment Awards/Pending | $ |
| Public Subsidies | $ 185.00 | Current Value of Stocks/Bonds | $ |
| Child Support/Alimony | $ | Face Value of CDs/IRAs/401Ks | $ |
| Housing Subsidies | $ | Money Market Accounts | $ |
| Trust Fund Income | $ | Retrievable Bail Amt. & Location | $ |
| Income from Rental Properties | $ | | |
| | | Other Assets 500 | $ |
| **Total Monthly Income** | **$ 1,644.00** | **Total Assets** | **$ 551.00** |

6. I/We understand that I/we am/are under a continuing obligation to notify the court of a change in my financial situation

## Certification

I/We certify that the foregoing statements made by me/us are true. I/We am/are aware that if any of the foregoing statements made by me/us are willfully false, I/we am/are subject to punishment.

I/We further certify that in accordance with Court *Rule* 1:38-7(b) all confidential personal identifiers have been redacted and that subsequent papers submitted to the court will not contain confidential personal identifiers.

08/03/2020

Date

Asaf P. Guttman

Print your name(s)

Signature(s)